IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAY BROWN AND ASSOCIATES, INC., a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| HOT SPRINGS SENIOR PROPERTIES, LLC, a South Dakota Limited Liability Company; PINE HILLS, INC., a South Dakota Corporation, STEVEN H. WYATT, an individual; KELVIN LORENZ, an individual; and DALE BOEHNER, an individual, | ) ) ) ) ) ) ) ) ) | |
| Defendants, Counterclaimants and Third-Party Plaintiffs, | ) ) ) | 8:07CV159 |
| vs. | ) ) | ORDER |
| RAY BROWN; RICHARD J. STACY; MILLER & ASSOCIATES CONSULTING ENGINEERS, P.C., a Nebraska Professional Corporation; RICHARD M. NOEL; and NOEL ENGINEERING, INC., a Nebraska Corporation, | ) ) ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

  This case came before the court for a Rule 16 planning conference. Counsel for the parties, who appeared telephonically, are: Andrew Davis, David Houghton, John Sennett, Peter Dusbabek, Jerald Rauterkus, and James DeMars.

  On April 2, 2008, Judge Smith Camp entered an order to show cause (Filing 131) why the case should not be remanded to state court for lack of diversity jurisdiction. The parties' responses to the order have raised an issue as to whether Ray Brown & Associates, Inc. (RBA), a Nebraska entity, is a "member" of defendant Hot Springs Senior Properties LLC (Hot Springs), for jurisdictional purposes. The first amended complaint (Filing 97 at ¶25) alleges that RBA is a "member and owner/investor" in Hot Springs, and Hot Springs admitted that allegation in its Answer (Filing 112 at ¶25).

  In Filing 138, Hot Springs states that it admits RBA is an owner/investor in Hot Springs but denies that RBA is a "member" of Hot Springs. Hot Springs also requested leave to amend its Answer to the First Amended Complaint to reflect the correct status of RBA.

Counsel agreed that the Rule 16 conference should be continued until such time as the jurisdictional issues are resolved.  Accordingly,

**IT IS ORDERED:**

1.  The Rule 16 conference is continued and will be rescheduled by further order of the court.

2.  In light of its request made in Filing 138, Hot Springs Senior Properties, LLC is given until and including **May 15, 2008** to file a motion for leave to file an amended answer to the Amended Complaint.  The motion shall comply with the requirements of NECivR 15.1 and NECivR 7.1.  Hot Springs shall also file a supporting brief addressing its position that while RBA is an owner/investor in Hot Springs, RBA is not a "member" of Hot Springs for purposes of determining diversity jurisdiction.  Opposing parties shall respond within the time allowed by NECivR 7.1(b)(1)(B), and a reply brief may be filed within the time allowed by NECivR 7.1(c).

**DATED May 1, 2008.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**