IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAY BROWN AND ASSOCIATES, INC., a Nebraska Corporation, | ) ) ) | CASE NO. 8:07CV159 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| HOT SPRINGS SENIOR PROPERTIES, LLC, a South Dakota Limited Liability Company; PINE HILLS, INC., a South Dakota Corporation; STEVEN H. WYATT, an individual; KELVIN LORENZ, an individual; and DALE BOEHNER, an individual, | ) ) ) ) ) ) ) ) ) | ORDER REMANDING FOR LACK OF DIVERSITY JURISDICTION |
| Defendants, Counterclaimants and Third-Party Plaintiffs, | ) ) ) ) | |
| v. | ) ) | |
| RAY BROWN, RICHARD J. STACY, MILLER & ASSOCIATES CONSULTING ENGINEERS, P.C., a Nebraska Professional Corporation, | ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

For the reasons that follow, this case will be remanded to the District Court of Custer County, Nebraska.

## PROCEDURAL BACKGROUND

On March 27, 2007, Plaintiff Ray Brown and Associates, Inc. ("RBA"), brought this action in the District Court of Custer County, Nebraska, against Hot Springs Senior Properties, L.L.C. ("Hot Springs"), alleging, *inter alia*, that Hot Springs failed to pay RBA for consulting and development services related to the construction of an assisted-living and long-term-care facility in South Dakota. (Complaint, Filing No. 6-2; and Amended Complaint, Filing No. 97, adding parties and claims). On April 27, 2007, Hot Springs

removed the action to this Court, and, on June 1, 2007, filed its Answer as well as numerous counter-claims against RBA, and numerous third-party complaints. (Answer, Counterclaim and Third-Party Complaint, Filing No. 9).

The Notice of Removal (Filing No. 1) asserted that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) "in that there is a complete diversity of citizenship between the parties of this action and the amount in controversy exceeds $75,000 exclusive of attorneys' fees and costs." (*Id.* ¶ 5).

In the First Amended Complaint (Filing No. 97), Plaintiff RBA, a Nebraska corporation with its principal place of business in Nebraska, noted that it is a "member and owner/investor" of Defendant Hot Springs, a South Dakota limited liability company with its registered office in South Dakota. (*Id.* ¶¶1, 2, 25, 51). In Hot Springs' Answer to the First Amended Complaint, Hot Springs admitted that RBA is a member and owner/investor of Hot Springs. (Filing No. 112, ¶ 25).

On April 2, 2008, this Court issued an Order to Show Cause why this case should not be remanded for lack of diversity jurisdiction. In response to the Order to Show Cause, Hot Springs submitted a brief, asserting that its members are in fact Defendants Steven H. Wyatt of Colorado, Kelvin Lorenz of South Dakota, and Dale Boehner of Colorado (Filing No. 132). The Index of Evidence filed by Hot Springs in support of this assertion (Filing No. 133) consisted of deposition excerpts from these three Defendants, simply confirming their respective residences. RBA responded with a brief (Filing No. 135), noting that Hot Springs admitted that RBA is a member and owner/investor in Hot Springs. RBA also submitted an index of evidence (Filing No. 136), including a copy of the 2005 Annual Report of Hot Springs, filed with the South Dakota Secretary of State's Office on July 1,

...

2005. The Annual Report notes that it must be signed by a "manager of a manager-managed company" and must list the names and business addresses of any managers." (Filing No. 136-2 p.4). The Annual Report is signed by L. Harold Wyatt as "Manager." It lists the names and addresses of five individuals: Steve Wyatt, Dale Boehner, Kelvin Lorenz, Lloyd H. Wyatt (Harold), and Charles E. Clay (Eddie); as well as one entity: Ray Brown & Associates. (*Id.*, p.5). The five individuals and RBA are also described as "Owners of Pine Hills Assisted & Independent Living." (*Id.*)

Hot Springs filed a reply brief (Filing No. 138) in which Hot Springs asked leave to amend its Answer to the First Amended Complaint. Hot Springs also submitted additional evidence (Filing No. 139), consisting of an excerpt from the deposition of Steven Wyatt:

> Q. Ray Brown & Associates is a member of the Hot Springs, LLC; correct?
> A. They're not listed in here.
> Q. Are they a member?
> A. Not according to this document.
> Q. What's your understanding?
> A. They're not.

(Filing No. 139-2, depo. p. 58, lines 14 - 20).

On May 1, 2008, Magistrate Judge F.A. Gossett gave Hot Springs leave to file a motion to amend its Answer to the Amended Complaint, and stated that "Hot Springs shall also file a supporting brief addressing its position that while RBA is an owner/investor in Hot Springs, RBA is not a "member" of Hot Springs for purposes of determining diversity jurisdiction." (Order at Filing No. 148). Hot Springs filed an unopposed motion for leave to amend its Answer to the Amended Complaint (Filing No. 152) and a brief (Filing No. 153). In its brief, Hot Springs simply asserted that its earlier filings (Filing No. 132 and 133) "showed that RBA was not a member of Hot Springs and that complete diversity among

3

the parties existed for purposes of jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)."  (Filing No. 153, ¶ 3).  Hot Springs further asserted that, upon the filing of its Amended Answer, "there will be no issue that Hot Springs is a South Dakota limited liability company, that none of its members are Nebraska residents and that this Court has diversity jurisdiction pursuant to 28 U.S.C. [ ] §1332(a)(1) and *GMA[C] Commercial Credit, LLC v Dillard Department Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)."  (Filing No. 153, ¶ 5).  In its Amended Answer, Hot Springs now asserts that RBA is "an owner/investor" of Hot Springs, but not a member.  (Filing No. 156).

RBA responded to Hot Springs' latest brief (Filing No. 153) with another brief (Filing No. 158) and index of evidence (Filing No. 159).  RBA asserts that there is no legal distinction between an "owner" and a "member" of an L.L.C., specifically with respect to the matter of determining citizenship for purposes of diversity jurisdiction.  RBA supplements its earlier evidence with the affidavit of Gene Uden, RBA's President and CEO of Construction Management, who states that he understood RBA's status to be that of both "member" and "owner" of Hot Springs.  (Affidavit of Gene Uden, Filing No. 159-2, ¶¶ 3-5).  Uden refers the Court to the minutes of Hot Springs' board meeting of June 23, 2005, in which it was noted that RBA held an 11.8% ownership interest in Hot Springs.  (Filing No. 159-3 p.1).  Uden also notes that the minutes provided that "all members of the L.L.C. will also be managers for the company" (*id.*) and that RBA was one of the managers so listed.  (Uden Aff. ¶ 4; see also Annual Report, Filing No. 136-2, p. 5).

On May 28, 2008, this Court held an evidentiary hearing to afford Hot Springs one more opportunity to meet its burden of demonstrating the existence of complete diversity of citizenship of the parties for purposes of establishing jurisdiction in this Court.  Hot

Springs offered one exhibit, its 2004 Operating Agreement (Ex. 101), listing Hot Springs' members, and not including RBA. Hot Springs acknowledged, however, that the Operating Agreement offered into evidence pre-dated RBA's acquisition of ownership in Hot Springs. Paragraph 3.1 of the Operating Agreement also implies that "membership" and "ownership" of the L.L.C. are synonymous.[1]

Hot Springs presented no legal or factual distinction between "members" and "owners" of South Dakota limited liability companies in general, or of Hot Springs in particular, other than a general assertion that Hot Springs considered RBA to have somewhat different rights and responsibilities than other owners/members of Hot Springs.

## DISCUSSION

The citizenship of a limited liability company ("L.L.C.") is defined by the citizenship of its members. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). Because the citizenship of an L.L.C. is that of its members for diversity jurisdiction purposes, it is incumbent on a district court to ascertain the citizenship of each member of an L.L.C. party in any case in which diversity jurisdiction is asserted, in order to determine whether there is complete diversity of citizenship of the parties. *Id.* at 829. See also *Johnson v. Columbia Properties*, 437 F.3d 897, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens"); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990) (treating limited partnerships as having citizenship of *all* partners, both limited and general).

---

[1] "The capital of the membership of each member shall be, and the agreed percentage of ownership is, as provided on Schedule A attached hereto." (Exhibit 101, ¶ 3.1).

The burden of proving subject matter jurisdiction rests with the party invoking the federal court's jurisdiction, in this case Hot Springs.  See *4:20 Communications, Inc. v. Paradigm Company*, 336 F.3d 775, 779 (8th Cir.), citing *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).  Hot Springs has not met that burden, despite the numerous opportunities afforded to it.[2]

It is undisputed that RBA has an equity interest in Hot Springs, an L.L.C.  A review of the South Dakota Limited Liability Company Act, S.D. Codified Laws § 47-34A-101 *to -1207* (1998), reveals no statutory distinction between membership and ownership.  No South Dakota case law, or any other case law, has been brought to this Court's attention drawing any distinction between membership and ownership in an L.L.C.  Instead, the terms "membership" and "ownership" appear to be used by courts interchangeably when referring to the citizenship of an L.L.C. for diversity jurisdiction purposes.  *Johnson v. Columbia Properties*, 437 F.3d at 899 ("an LLC is a citizen of every state of which its owners/members are citizens"); *Gibraltar Kentucky Development, L.L.C. v. Cantrell*, 2008 WL 1771921 *1 (E.D. Ky. April 17, 2008)(defendant owned a portion of plaintiff L.L.C., so

---

[2]The jurisdictional statement in the notice of removal should have asserted that each member of Hot Springs was a resident of a state other than Nebraska, RBA's residence, if that was in fact true.  The jurisdictional statement made no such assertion.  In its Answer to the Amended Complaint, Hot Springs had an opportunity to deny RBA's allegation that RBA was a member and owner/investor of Hot Springs, but instead Hot Spring admitted that allegation.  In response to the Court's order to show cause, Hot Springs had the opportunity and obligation to come forward with evidence that RBA was not a member of Hot Springs.  It presented no such evidence.  In response to the Magistrate Judge's order that Hot Springs submit "a brief addressing its position that while RBA is an owner/investor in Hot Springs, RBA is not a 'member' of Hot Springs for purposes of determining diversity jurisdiction," Hot Springs simply suggested that its filing of an Amended Answer would resolve the matter.  Finally, Hot Springs was given the opportunity to present evidence and oral argument in support of its position at the hearing on May 28, 2008.

6

diversity of citizenship was lacking, requiring dismissal); *Realco Ltd. Liability Co. v. AK Steel Corp.*, 2008 WL 1990810 *1 (E.D. Ky. May 5, 2008) (L.L.C., holding ownership interest in plaintiff L.L.C., was a citizen of three states of which defendants were also citizens, so diversity of citizenship was lacking, requiring remand of action to state court).

While it is recognized that an L.L.C. may have different classes of members or owners, just as a limited partnership may have different classes of partners, the L.L.C., like the limited partnership, takes on the citizenship of all those holding equity interests in it. The Supreme Court has refused to extend the corporate citizenship rule to non-corporate entities, *Carden v. Arkoma Assocs.*, 494 U.S. at 189, and this Court will not attempt to extend the corporate citizenship rule to subsume the citizenship of "owners" of an L.L.C. into the non-corporate entity.

## CONCLUSION

This matter will be remanded to the District Court of Custer County, Nebraska, due to the lack of complete diversity of citizenship of the parties, and the consequent lack of subject matter jurisdiction in this Court.

IT IS ORDERED:

1. This matter is remanded to the Nebraska District Court of Custer County, Nebraska; and

2. All pending motions are terminated, without prejudice.

DATED this 29th day of May, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge